NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianllp.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianllp.com
PATTY W. CHEN, SBN 322992
patty.chen@salisianllp.com
**SALISIAN LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2686
Telephone:   (213) 622-9100
Facsimile:   (800) 622-9145

MICHELLE M. CHIONGSON, SBN 221740
michelle.chiongson@amerisbank.com
**AMERIS BANK**
575 Anton Boulevard, Suite 1080
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL

## THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL,<br><br>Plaintiff<br><br>vs.<br><br>SV EXPRESS TRANSPORT LLC, a Michigan limited liability company; STIVI VUKTILAJ, an individual,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF BALBOA CAPITAL'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT**<br><br>**2. BREACH OF PERSONAL GUARANTY** |

COMPLAINT

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital ("Balboa" or "Plaintiff"), alleges as follows:

## PARTIES AND JURISDICTION

1.     Plaintiff Ameris Bank d/b/a Balboa Capital ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation, with its principal place of business in the State of California, County of Orange.

2.     Defendant SV Express Transport LLC ("SV Express"), is, and at all times relevant to this action was, a Michigan limited liability company, with its principal place of business in the County of Macomb, State of Michigan.

3.     Defendant Stivi Vuktilaj ("Vuktilaj") (collectively with SV Express, "Defendants"), an individual, is, and at all times relevant to this action was, a resident of the County of Macomb, State of Michigan, and was a member, officer, director, agent and/or owner of SV Express.  Based on information and belief, including the Driver's License submitted by Vuktilaj to Plaintiff, Vuktilaj is domiciled in Sterling Heights, MI 48310-7121.  Thus, Vuktilaj is a citizen of the State of Michigan.

4.     Based on research, and upon information and belief, defendant SV Express has one member – defendant Vuktilaj – who is a citizen of the State of Michigan.  Thus, SV Express is a citizen of the State of Michigan.

5.     Plaintiff is informed and believes, and thereon allege, that each defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other defendants in a joint enterprise for profit and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have

1

COMPLAINT

Salisian LLP

known about the foregoing, and that each defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other defendants.

6.    The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

7.    Pursuant to the Equipment Financing Agreement and Personal Guaranty described herein, Defendants agreed those documents would be governed by the laws of the State of California. The Equipment Financing Agreement provides, in pertinent part:

> **30. CONSENT TO EXCLUSIVE AND MANDATORY JURISDICTION AND VENUE OF CALIFORNIA.** Debtor submits to the jurisdiction of California and agrees that any action or proceeding to enforce this Agreement, or any action or proceeding arising out of or related to this Agreement will be exclusively commenced, initiated and litigated in the California State Courts of Orange County California and/or the United States District Court for the Central District of California, Santa Ana Division.

8.    Jurisdiction.  This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

9.    Specifically, as described above, Balboa is a citizen of the States of Georgia and California; SV Express and Vuktilaj are each citizens of the State of Michigan.  As such, neither SV Express nor Vuktilaj are citizens of California or Georgia, and there exists complete diversity of citizenship between Plaintiff and Defendants.  Lastly, as alleged herein, the amount in controversy exceeds $75,000.

10.    Venue.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. § 84(c)(3).

11.    All officers of Balboa, including all witnesses, and all of Balboa's documents are located in the State of California, County of Orange.  The transactions at issue in this Action occurred in the State of California, County of Orange.

2

COMPLAINT

Salisian LLP

# FIRST CAUSE OF ACTION

## (Breach of Equipment Financing Agreement)

## (Against SV Express)

12.     Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

13.     Prior to January 2023, Balboa is informed and believes that SV Express initiated and engaged with M & K Truck Center of Detroit, LLC (the "Equipment Vendor") located at 29275 Citrin Dr., Romulus, MI 48174, in order to coordinate the acquisition and financing of certain equipment for its business (the "Collateral").  The Equipment Vendor worked with SV Express in the selection of the Collateral and in coordinating its delivery.

14.     Thereafter, Balboa is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated submission of SV Express' electronic credit application to Balboa and other financial institutions. Upon review, SV Express concluded that Balboa offered agreeable terms to finance the Collateral commensurate with its requirements.  Thereafter, the Equipment Vendor accumulated and submitted to Balboa the requisite signatories, documentation and financial information from SV Express to finance the Collateral being supplied by the Equipment Vendor.

15.     On or about January 27, 2023, SV Express executed Equipment Financing Agreement No. 439418-000 (the "EFA"), under the terms of which Balboa loaned to SV Express the sum of One Hundred Forty-Seven Thousand Five Hundred Sixty-Four Dollars and Sixty-Three Cents ($147,564.63) to finance the Collateral for its business.  The EFA required SV Express to make seventy-two (72) monthly payments of $3,035.00, payable on the 28th day of each month beginning March 28, 2023.  A true and correct copy of the EFA is attached as **Exhibit A** and is incorporated here by reference.

COMPLAINT

Salisian LLP

16.    The last payment received by Balboa was credited toward the monthly payment due for March 28, 2026. Therefore, on or about April 28, 2026, SV Express breached the EFA by failing to make the monthly payment due on that date. SV Express' failure to make timely payments is a default under the terms of the EFA. Thus, the sum of $106,225.00 remains owed to Balboa. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Defendants.

17.    Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by the conduct of SV Express.

18.    As a proximate result of SV Express' breach of the EFA, Balboa has been damaged in the sum of **$106,225.00**, plus prejudgment interest from April 28, 2026, until the entry of judgment herein.

19.    Further, under the terms of the EFA, SV Express promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs against SV Express.

20.    The EFA also provides Balboa the remedy of possession of the Collateral and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral and apply the net proceeds from the sale to the remaining loan balance. Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collateral.

## SECOND CAUSE OF ACTION

### (Breach of Personal Guaranty)

### (Against Vuktilaj)

21.    Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

4

COMPLAINT

22.     Concurrent with the execution of the EFA, and in order to induce Balboa to enter into the EFA with SV Express, Vuktilaj personally guaranteed, in writing, the payment of the then-existing and future indebtedness due and owing to Balboa under the terms of the EFA (the "Guaranty").  A true and correct copy of the written Guaranty signed by Vuktilaj is attached as **Exhibit B** and incorporated herein by reference.

23.     Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of the Guaranty, except as excused or prevented by the conduct of Vuktilaj.

24.     Following a default by SV Express under the terms of the EFA, Balboa demanded Vuktilaj make the payments required under the EFA.  Vuktilaj failed to meet the Guaranty obligations and make the payments required under the EFA.

25.     Pursuant to the terms of the Guaranty, the sum of **$106,225.00**, plus prejudgment interest from April 28, 2026, is due and payable to Balboa from Vuktilaj.  This Complaint, in addition to previous demands, shall constitute further demand upon Vuktilaj to pay the entire indebtedness due and owing from SV Express to Balboa under the terms of the EFA.

26.     Under the terms of the Guaranty, Vuktilaj promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA and the Guaranty.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Vuktilaj.

## **PRAYER FOR RELIEF**

WHEREFORE, Balboa prays for judgment against Defendants, and each of them, as follows:

**On All Causes of Action:**

1.     The sum of $106,225.00;

2.     Prejudgment interest from April 28, 2026, to the date of entry of judgment;

COMPLAINT

3.    An order to recover possession of the Collateral which is the subject of the EFA, or if the Collateral cannot be delivered, for its reasonable value according to proof;

4.    Reasonable attorneys' fees and costs;

5.    Costs of suit as provided by law; and

6.    Such other and further relief that the Court considers proper.

DATED: June 23, 2026                    **SALISIAN LLP**

By: _____

Jared T. Densen
Neal S. Salisian
Patty W. Chen

*Attorneys for Plaintiff*
AMERIS BANK d/b/a BALBOA
CAPITAL

6

COMPLAINT

Salisian LLP